UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 5:12-cr-33-TPB-PRL

JOSEPH JEROME SMITH,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

    This matter is before the Court on Defendant Joseph Jerome Smith's motion for compassionate release, filed *pro se* on August 15, 2024.  (Doc. 60).  On September 6, 2024, the Government filed its response.  (Doc. 67).  After reviewing the motion, response, case file, and the record, the Court finds as follows:

    In 2013, Defendant pleaded guilty to possessing a firearm in furtherance of a drug trafficking crime and possessing a firearm as a convicted felon.  At the time of the offenses, Defendant had been convicted of nine felonies.  The §§ 922(g) and 924(e) convictions carried a minimum mandatory sentence of 15 years, and the § 924(c) conviction carried a consecutive minimum mandatory sentence of 5 years.  On April 25, 2013, the Court accordingly sentenced Defendant to a total of 262 months imprisonment, which was the low-end of the guidelines range – that is, 202 months for possessing a firearm as a convicted felon (Count 5), and 60 months for possessing a firearm in furtherance of a drug trafficking crime (Count 3), with Count 3 running consecutively to Count 5.

    Defendant, who is now 44 years old, is currently incarcerated at Beaumont

Low FCI in Texas, and he is projected to be released on April 20, 2031. In his motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison because his sentence is "unusually long" and he has rehabilitated himself during his time in prison. Defendant specifically argues that if he were sentenced today, he would not have been subject to the enhanced penalties under the Armed Career Criminal Act ("ACCA") because his prior state convictions are no longer ACCA predicate offenses. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because he has not demonstrated any extraordinary and compelling reason warranting a modification of his sentence.[1]

---

[1] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant

The Government argues that Defendant's prior state convictions still qualify as ACCA predicate offenses, but even if they did not, Defendant still has at least three other prior convictions for "serious drug offenses" that would qualify him as an armed career criminal. The Government also argues that rehabilitation alone is insufficient to establish an extraordinary and compelling reason for compassionate release. These arguments appear to be well-taken.

In addition, the Government argues that an unusually long sentence is not a valid basis for compassionate release because the Sentencing Commission exceeded its congressionally delegated authority in promulgating subsection (b)(6). It appears that there is a circuit split as to whether an intervening change in the law may present extraordinary and compelling circumstances warranting a reduction of sentence.[2] But the Court need not pick a side in this split of authority. Even if the Court were to consider the intervening change in law, the applicable Section 3553(a)

---

is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

[2] The majority of circuits have concluded that an intervening change in the law is neither extraordinary nor compelling. *See United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021); *United States v. McCall*, 56 F.4th 1048, 1050 (6th Cir. 2022) (en banc); *United States v. Thacker*, 4 F.4th 569, 571 (7th Cir. 2021); *United States v. Crandall*, 25 F.4th 582, 585–86 (8th Cir. 2022); *United States v. Jenkins*, 50 F.4th 1185, 1198-1200 (D.C. Cir. 2022); *see also United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (unpublished). However, four circuits have held that a change in law can form part of an individualized assessment of whether to grant a sentence reduction when in combination with other case-specific factors. *See United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir. 2022); *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020); *United States v. Chen*, 48 F.4th 1092, 1097-1098 (9th Cir. 2022); *United States v. McGee*, 992 F.3d 1035, 1047-1048 (10th Cir. 2021). The Eleventh Circuit has not yet decided this issue.

factors weigh heavily against granting compassionate release in this case.[3] Defendant has an extensive criminal history – including eight drug-related felony convictions and the felon-in-possession conviction – all in the span of less than 10 years. Defendant also has a notable criminal history and presents a danger to the community. The conviction underlying this case was based on his possession *of five different firearms* (three of which were loaded), assorted ammunition, and items indicative of drug dealing. Significantly, he has not yet served the mandatory minimum sentence of 20 years.

Notably, the sentence Defendant received is barely above the statutory minimum and is at the low end of the sentencing guidelines despite the fact that Defendant qualified as an armed career offender who admitted to nine prior felony convictions, earning him 28 criminal history points – more than twice the 13 points necessary for placement in criminal history category VI, the highest category. *In fact, at Defendant's sentencing, the sentencing judge specifically remarked that Defendant's criminal history score was among the highest – if not the highest – the judge had seen since the advent of the sentencing guidelines, and Defendant acknowledged at his sentencing that he could have received a life sentence.* Defendant cannot show that his lower guidelines sentence was unusually long.

---

[3] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes her ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in her physical or mental health, and she has served at least 10 years or 75% of her prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

Given the seriousness of Defendant's crimes, denying the motion promotes respect for the law, affords adequate deterrence, and continues to provide just punishment for the offense. Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Ocala, Florida, this 17th day of October, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE